FRANK D. RICHARDSON

v.

A. R. ALLMAN, ADMINISTRATOR.

*Administration—Claim against Estate—Recovery of Costs—Sec. 95,
Chap. Wills, R. S. 1845. Page 557—Sec. 63, Chap. 109, 2d Gross' Rev.
Stats. 466—Evidence—Books of Account—Preliminary Proof—Sec. 3,
Chap. 51, R. S.*

1.  At common law, costs were not recoverable by either party to a
given suit; questions relating to costs are regulated by statute.

2.  A court may order costs of a suit based upon a claim against an
estate, presented after the time fixed for presentation of claims, defense
being made, to be borne by the estate, where it would be inequitable and
unjust in view of the facts and circumstances of the case to impose the same
upon the claimant.  Likewise as to a portion thereof.

3.  In the case presented, a certain book of account was properly ex-
cluded upon account of insufficient preliminary proof.

[Opinion filed September 11, 1891.]

IN ERROR to the Circuit Court of Marion County; the Hon.
R. R. BURROUGHS, Judge, presiding.

Messrs. GIBSON & JOHNSON, for plaintiff in error.

Mr. M. SCHAEFFER, for defendant in error.

GREEN, J.    On September 6, 1887, plaintiff in error filed
in the County Court his claim against the estate of Sarah A.
McLaughlin for $1,944.12, and on March 29, 1888, filed an
additional claim for $642 in said court against said estate.
Upon the hearing. the County Court entered judgment in
favor of the estate and against Richardson for $91.56 and
costs.  He appealed to the Circuit Court, and at the February
term, 1889, of that court, a hearing of the matter was had, and
the court allowed him $158.27 and entered judgment for
that sum in his favor against said estate, but ordered that he
pay all the costs of suit in both courts, for the reason that said

claims were not presented against said estate for adjustment until after the term of the County Court selected by the administrator for that purpose, which was the May term, 1886. To reverse this judgment and order of the Circuit Court, plaintiff in error sued out this writ of error and the record is brought to this court for review. We deem it unnecessary to discuss the assignments of error challenging the correctness of the finding of the court upon the evidence introduced. There was a sharp conflict in the evidence which it was the province of the trial court to settle and determine, and we are not prepared to hold that the finding of the court was unjust or unwarranted if all the evidence on behalf of each party is taken together and fairly considered. Two questions of law are presented, however, which we feel called upon to examine and decide, viz.: Whether or not it was error to require the claimant to pay all the costs of both courts; and, whether or not the court erred in refusing to admit the claimant's book of accounts in evidence. At common law, costs were not recoverable by either party; but by statutory provisions only is the matter of costs regulated and governed. By the provisions of Sec. 95, Chap. "Wills," Rev. Stat. 1845, p. 557, executors and administrators were required to fix upon some term of the Probate Court, "within nine months after obtaining letters, for the settlement and adjustment of all claims against decedent." By a proviso it is further enacted, "that estates shall be answerable for the costs on the claims filed at or before said term, but not after."

This proviso has been examined and construed by our Supreme Court, in Graujang v. Merkle, 22 Ill. 250, and, briefly stated, the rule there announced is, that to authorize the court to render judgment for costs against an estate, there must be proof made of compliance with the statutory provision requiring the claims to be filed against the estate, at or before the term fixed for adjustment, but not after.

This was a case like the one at bar, appealed from the County Court to the Circuit Court, and thence taken up to the Supreme Court.

In Russell v. Hubbard et al., 59 Ill. 335, the same sec

tion is again examined and construed. In the opinion it is said: "The court rendered judgment against appellant (the administrator) for all costs, both in County and Circuit Court. The statute expressly provides, that estates shall be answerable for costs on claims filed at or before the term selected for adjustment, but not after. The claimant has selected his forum 'and the statute must control. Its language is imperative in its application to this case, that the estate was not liable for the costs incurred in the County Court." Had there been no change in the statute since these decisions were made we should not hesitate to hold the estate of Sarah A. McLaughlin not liable for any costs, notwithstanding the expression in the last opinion, " for the costs incurred in the County Court," by which language, considered with the context, we do not understand the court intended to limit the application of the proviso to the costs in the County Court. But this section was changed by subsequent legislation.

In 1859, " Six months after obtaining letters, instead of nine months, was by the law fixed as the time within which the term of court was to be selected by the executor or administrator for adjustment of claims."

In 1872, Sec. 95 was again changed, as will be seen by reference to Sec. 63, Chap. 109, 2d Gross' Rev. Stat., 466, which provides: "Upon the trial of such cause the same proceedings shall be had as if the claim had been presented at the term fixed for the adjustment of claims against the estate; but the estate shall not be answerable for the costs of such proceeding. *Provided that when defense is made, the court may, if it shall deem just, order the whole, or some part of the* costs occasioned by such defense, to be paid by the estate;" and this continued to be, and was, the law up to and at the time this cause was tried below. 1 Starr & C. Ill. Stats. Chap. 3, 218. We are of the opinion this amendment was made to relieve claimants from the hardship of paying large costs in cases where it would be inequitable and unjust, in view of all the facts and circumstances of the case, to impose such a burden upon them, and such relief could not be given under said 95th section, as construed in the cases cited. And while a discretion

is conferred upon the trial court in the matter of apportioning costs, by this proviso, yet its action in that regard is subject to review in this court, to the end that an error prejudicial to either party may be rectified, and the purpose of so amending said section be accomplished. In our judgment, it was error to order the claimant to pay all the costs. He successfully prosecuted his appeal in the Circuit Court. A defense was then made against his claims. Yet he established, to the satisfaction of the court, as appears by the record, a just claim against the estate, amounting to the sum of $158.27, due and unpaid, and which he was entitled to recover.

Under the circumstances we think the court should have ordered the costs in the Circuit Court, occasioned by such defense, to be paid by the estate and thereby made an equitable apportionment thereof, which was the end and purpose of the amendment. All that appears in the bill of exceptions in regard to offering the book of accounts in evidence is as follows: Richardson, as a witness in his own behalf, was asked: "State if you have the book of accounts of original entry kept by yourself between yourself and Mrs. McLaughlin?" He answered: "Yes." He was then asked to produce the book, which he did, and said, "This is it." Defendant objected to its introduction in evidence. The court sustained the objection and plaintiff excepted. There was not sufficient preliminary proof made to entitle plaintiff to introduce the book in evidence as required by Sec. 3, Chap. 51, Cochran's Rev. Stat., hence the ruling excepted to was right. Whether or not said book would have been competent evidence if the requirements of Sec. 3 had been complied with, we do not feel called upon now to decide. The views of the Appellate Court of the Second District upon that point are expressed, however, in Alling v. Brazer, Adm'x, 27 Ill. App. 595. For the error indicated, the judgment and order of the Circuit Court is reversed and cause remanded.

*Reversed and remanded.*